IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY CHAIRS,<br>No. B88959, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 15-cv-01359-SMY<br>) |
| IDOC DIRECTOR,<br>WARDEN KIMBERLY BUTLER, and<br>UNIDENTIFIED PARTIES, | )<br>)<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stanley Chairs is an inmate currently housed at Pontiac Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the repeated use of excessive force by the "Orange Crush" tactical team while Plaintiff was housed at Menard Correctional Center, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint and attached documentation, since approximately June 2013, on multiple occasions, unidentified members of the Orange Crush tactical team used excessive force against Plaintiff and the warden of Menard and the director of the Illinois Department of Corrections did not investigate or put an end to the situation.  More specifically, on a regular basis the Orange Crush would strip search Plaintiff, march him and others in a line—heads down and hands behind their backs so they often tripped and ran into each other—while threatening to assault them.  At times, inmates were not allowed to wear clothing appropriate for weather conditions and were denied underwear.  The inmates would then have to sit for approximately two hours, chin-to-chest, which left Plaintiff with physical injuries.

Warden Kimberly Butler was allegedly present and oversaw the operation, but never intervened to stop the harassment and use of stress positions.  Plaintiff's administrative grievances were denied by Warden Butler.  Plaintiff also alleges that the Director of the Illinois Department of Corrections failed to investigate and that the Director denied at least one grievance as untimely.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Unidentified Orange Crush Tactical Team members used excessive force and/or cruel and unusual punishment against Plaintiff in violation of the Eighth Amendment;

**Count 2:** Warden Kimberly Butler failed to intervene to stop the use of excessive force and/or cruel and unusual punishment against Plaintiff in violation of the Eighth Amendment;

**Count 3:** Warden Kimberly Butler and the unidentified Director of the IDOC failed to investigate Plaintiff's complaints and denied his administrative grievance(s), in violation of the Due Process Clause of the Fourteenth Amendment.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Chairs' complaint is similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners that were subjected to similar searches and tactics used by the Orange Crush while incarcerated at Lawrence and three other Illinois prisons during 2014. Should the *Ross* class be certified, Chairs would likely be a member of the class. In the interest of judicial economy and consistency, the undersigned district judge is assigned to a number of individual cases that raise claims similar to those in *Ross*. With that point out of the way, the Court will evaluate Chairs' particular claims pursuant to 28 U.S.C. § 1915A.

### **Counts 1 and 2**

Given the similarity between Chairs' complaint and the complaint in *Ross*, the fact that the complaint in *Ross* was permitted through screening, and the fact that multiple motions to dismiss are pending in *Ross* but not yet decided, the Court is of the opinion that Counts 1 and 2 cannot be dismissed at this time. Those claims will be allowed to proceed. However, the Court stresses that the defendants are not precluded from moving to dismiss the amended complaint or portions of it for the reasons articulated in the *Ross* motions to dismiss (or for any other reasons).

With respect to the unidentified Orange Crush tactical team members, these defendants must be identified with particularity before service of the amended complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be implemented by the Magistrate Judge. Once the unknown Orange Crush members are identified, Chairs shall file a motion to amend in order to substitute the named individuals for the unknown party officer designations.

### **Count 3**

Plaintiff's allegations regarding the denial of his grievances by Warden Butler and the Director of the IDOC are somewhat ambiguous. It is unclear whether Plaintiff to takes issue with the grievance process (which implicates the Fourteenth Amendment) or the failure of the Warden and the Director to intervene after receiving his grievances (which suggests an Eighth Amendment claim).

The documentation attached to the complaint weighs in favor of construing the claim as a Fourteenth Amendment due process claim.  Warden Butler was asked to review the denial of grievance 83-3-15, which pertained to the timeliness of prior grievances; the warden concurred with the finding that grievance procedures had not been followed (Doc. 1, pp. 11-12).   The Administrative Review Board (and presumably the Director) affirmed the denial of grievance 83-3-15 (Doc. 1, p. 13).

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause, per se.  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct[,] states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  See also *Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  Therefore, Count 3, as a due process claim, will be dismissed without prejudice.  Consequently, Plaintiff is free to re-plead a due process claim, or he may amend the complaint to present an Eighth Amendment claim, if that is what was intended.  As drafted, the complaint fails to state a colorable claim under either constitutional provision, even though it is foreseeable that other grievances attached to the complaint could possibly form the basis for a viable claim.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3** and Defendant **IDOC DIRECTOR** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall **PROCEED** against Defendants **WARDEN KIMBERLY BUTLER and UNIDENTIFIED PARTIES** participating as members of the Orange Crush tactical team.

The Clerk of Court shall prepare for Defendant **WARDEN KIMBERLY BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

Service shall not be made on the **UNIDENTIFIED PARTIES** participating as members of the Orange Crush tactical team until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Steven C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion  Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 8, 2016**

s/ STACI M. YANDLE<br>
**United States District Judge**

Case 3:15-cv-01359-SMY-SCW   Document 10   Filed 01/08/16   Page 8 of 8   Page ID #41

Page **8** of **8**