UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF ILLINOIS

STANLEY CHAIRS,

    PLAINTIFF,

    VS.

DIRECTOR (JOHN DOE),
WARDEN KIMBERLY
BUTLER, AND JOHN
DOES.

CASE NUMBER 15-1359-SMY

SCANNED AT MENARD and E-mailed
7-29-19 by PS 9 pages
date        initials   No.

## MOTION TO COMPEL DEFENDANTS AND LAW FIRM LOEVY AND LOEVY, ET.AL.

Now comes Plaintiff, Stanley Chairs, Pro Se in pursuant to Civil Rules, Federal rules one a Motion To Compel Defendants and Law firm Loevy and Loevy, along with any attached firms to Loevy and Loevy in assistanting in Class action Ross, et.al. v. Gossett, et.al. in Support thereof plaintiff States:

    1. Plaintiff filed a Pro Se Civil Suit in pursuant to 42 U.S.C. §1983 for deprivations of his constitutional rights on December 14, 2015.

    2. Plaintiff's Suit Contained Complaints on the Illinois Department of Corrections and their Tactical team Unit's Cruel and unusual procedures used against inmates in I.D.O.C.

    3. At or about the time plaintiff filed his complaint other inmates had also filed Complaints on the same allegations. given the consistencies in Complaints the Court Consolidated plaintiff's Suit on 3-17-16.

4. The Case plaintiff was consolidated with was Deme-trius Ross, et al., V. Greg Gossett, et al. Case number 15-CV-309-SMY-MAB. this Case was represented by law firms Loevy and Loevy 312 North May St., Suite 100, Chicago, IL 60607 and UPTOWN PEOPLE'S LAW CENTER 4413 North Sherid-an Rd. Chicago, IL 60640.

5. While Plaintiff was consolidated with said Class action, Class action went through discovery Stages.

6. On August 1, 2018 the above Said law firms moved the Court to Sever plaintiff's Suit from the Class action. which was granted January 31, 2019.

### ARGUMENT

1. The Plaintiff through Intial Scheduling and Discovery order was instructed to produce Defendants any informa-tion he possesses which will help identify the John Does that interacted with Plaintiff, including but not limited to: Physical descriptions, Specific Job assignments(s), Partial names(s) Nickname (s), and locations and dates where plaintiff interacted with John Does(s)

2. Plaintiff attempted to do this with the defendants's and in return their response was that the information prov-ided did not contain any dates during which the alleged events happened and only Contained broad descriptions.

3. Plaintiff further have until August 5, 2019 to file a motion to Substitute Specific defendants.

4. Plaintiff request that this Court Compel the defendants and law firms above to turn over all documents/disco-

very material already produced in Ross v. Crossett, et. al.
3:15 - CV - 00309 - smy -scw. which will assist the plaintiff
in producing the identity and/or more information to
identify John doe, with the addition of helping plain-
tiff properly present his claims in his motion for leave
to Amend Complaint.

5. The Court is asking the plaintiff to provide inform-
ation that is almost impossible for him to do. plaintiff
has to identify defendants who intentially used means of
practice handed down from their superiors to hide their
identity from him by using force, threats, and intimidation,
along with mask to prevent him from identifying them.

6. Plaintiff's complaint consist of these practices inflicted
on him in October of 2014 in Menard Correctional facility
, East Cell house. in plaintiff's documents Sent to defendants
he Stated dates in complaint. So plaintiff did provide
Specific dates. plaintiff Stated Supervisors who Seen over
these operations on given date.

7. Plaintiff Can not provide any descriptions, names, nick-
names of any John does he interacted with in October 2014.
he Can not provide their information for any I.D.O.C. Staff
who Create, implemented, or/and enforced this practice alleged
by him.

8. Defendants have access to the entire Staff roster of Tact-
ical team/orange Crush employees used in October of 2014
to Shake down East Cell house while plaintiff was housed
there. Defendants have access and knowledge as to these

employees Supervisors and overseers on given date.

9. The above law firms have already went through discovery with defendants and have the needed documents to help identify the John doe Director of Z.O.O.c at the time of allegations and any or all John doe employees who were or still is Tactical team/orange Crush policy makers, Supervisors, or anyone who operated in any part in Making, executing, or overseeing the practices of the tactical team.

10. Compelling the defendants and law firms to turn over documents already exchanged will help plaintiff provide Studies, Statements, Policies, and other information exchanged while plaintiff was consolidated with class action during that discovery.

### Relief Requested

Plaintiff respectfully requests this Honorable Court to Compell the Defendants to turn over proper documentation of Illinois Department of Corrections director, all employees charged with making the Tactical team policies and practices, Charged with executing them, and Supervise or oversee them at the time stated in Complaint, before, or after as applied of October 2014.

plaintiff also respectfully request this Honorable Court to Compel Loevy and Loevy law firm and UPTOWN PEOPLE'S LAW CENTER To turn over all documents Contained during discovery between the defendants in Ross v. Gossett, et al. 3:15-cv-00309-smy-scw which Contains

Similiar allegations against the Same or Similiar defen-
dants of I.D.O.C

Respectfully Submitted
Stanley Chairs B88959
P.O. Box 1000
Menard, IL 62259



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esi@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

RECEIVED JUL 2 9 2019

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_Chairs_                                     B38959
Name                                          ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?   Yes or (No)

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?   Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number mark here: _____

3.  Should this document be filed in a pending case?   (Yes) or No

    If yes, please list case number:   15-1359-SMY

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted:   9

5.  If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

Name of Document                                        Number of Pages

– Motion To Compel Defendant's And                         5
Law Firm Loevy And Loevy, et. al.                          —
– Motion For Appointment of Counsel                        2
– Motiont For Continuance                                  2

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.