IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY CHAIRS,<br><br>        Plaintiff,<br><br>v.<br><br>IDOC, et al.,<br><br>        Defendants. | Case No. 3:15-cv-01359-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Kimberly Butler's Motion for Summary Judgment (Doc. 78). Plaintiff responded in opposition (Doc. 82). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Stanley Chairs filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. Following preliminary review of the Complaint, Plaintiff proceeded on the following claims:

    Count 1:    Unidentified Orange Crush Tactical Team members used excessive force and/or cruel and unusual punishment against Plaintiff in violation of the Eighth Amendment.

    Count 2:    Warden Kimberly Butler failed to intervene to stop the use of excessive force and/or cruel and unusual punishment against Plaintiff in violation of the Eighth Amendment.

(Doc. 10). This matter was subsequently consolidated with *Ross v. Gossett, et al*, SDIL case no. 3:15-cv-00309-SMY (Doc. 14) and later severed, *see Ross*, SDIL case no. 3:15-cv-00309-SMY at Doc. 507.[1] Plaintiff ultimately dismissed his claim against the unidentified tactical team members

---

[1] During discovery, it was determined Plaintiff's allegations pertain to a shakedown that occurred at Menard in

(Count I) and moved forward on his Eighth Amendment failure to intervene claim against Defendant Butler.

Defendant argues that because Plaintiff failed to identify the individuals who allegedly used excessive force against him, his failure to intervene claim fails as a matter of law. She also argues that Plaintiff failed to produce evidence of her personal involvement in any violation of his constitutional rights.

## FACTS

The following facts are undisputed unless noted otherwise: In October 2014, Plaintiff was in the custody of the Illinois Department of Corrections at Menard Correctional Center where Defendant Kimberly Butler was the Warden. There was a tactical team shakedown at Menard on October 31, 2014. Tactical team members from various IDOC facilities were transported to Menard to perform the shakedown.

Plaintiff testified that he was surrounded by tactical team members as he was being escorted to and from the chapel; that unidentified tactical team members struck him and other inmates with batons, pushed his and other inmates' heads down, and yelled during the transport to and from the chapel, which is where inmates are placed while the tactical team conducts a shakedown of the cell house; that he was forced to sit in the chapel for a significant period of time while handcuffed behind his back and sitting in an uncomfortable position with his head down; and that he saw Defendant standing by the cell house door as he was escorted to the chapel. Plaintiff does not identify the individual tactical team guards who allegedly used force on him during the shakedown.

Defendant testified that she does not specifically recall if she was present during the

---

October of 2014. The Menard shakedown at issue in the *Ross* case occurred in April 2014. *Ross*, SDIL case no. 3:15-cv-00309-SMY at Doc. 507.

shakedown on October 31, 2014, but that it would not have been uncommon for her to present or to stand near the cell house door during at least a portion of the shakedown. She also testified that the shakedown would have followed the same general procedure as other shakedowns at Menard and that she has never seen the tactical team use what she would consider excessive force on inmates during a shakedown.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts in the record showing that genuine issues of fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, and the court may not "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson,* 477 U.S. at 248. "It must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014).

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018). A plaintiff need not demonstrate a significant injury to state a claim for excessive force; however, "a claim ordinarily cannot be predicated on a *de minimis* use of physical force." *DeWalt v. Carter*, 224 F.3d 607, 620

(7th Cir. 2000). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." *Id.* And simple verbal harassment by prison guards does not rise to the level of a constitutional violation. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

An officer who has "a realistic opportunity to step forward and prevent another officer from violating a plaintiff's right through the use of excessive force but fail[s] to do so" may be held liable. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Though legally distinct, the fate of a plaintiff's failure to intervene claim is linked to the underlying excessive force claim, because "if there was no excessive force then there can be no failure to intervene." *Abdullahi v. City of Madison*, 423 F.3d 763, 767–68 (7th Cir. 2005).

Plaintiff provided the following deposition testimony regarding the nature of the force used against him during the shakedown:

- A tactical team member grabbed his shoulder and instructed him to line up but "it wasn't anything aggressive." (Doc. 79-1, p. 18 at 72:1-12).

- Inmates are instructed to keep their heads down while walking. (Doc. 79-1, p. 7 at 28:17-20). Tactical team members pushed his head down maybe 5-7 times on the way to the chapel and probably the same number of times returning to the cellhouse. (Doc. 79-1, p. 24 at 96:12-19). He was not singled out, it was just random. "It wasn't enough to make me lose my balance but it was – it was forceful." (Doc. 79-1, p. 22 at 87:8-25)

- Tactical team members used long batons to strike inmates on the back of the knee or thigh, but it's more like pressure. It's not a forceful strike to leave anything behind, "but there's a strike to where you're going to know there was presence." He did not have any bruises or lacerations from the baton strikes. (Doc. 79-1 p. 21 at 81:2-23).

- When asked if the baton strikes were meant to physically injury him, Plaintiff testified, "I would say that it was more a psychological intimidation thing … there wasn't any force – like real force – behind it…." (Doc. 79-1, p. 21 at 81:24-82:11).

- After tripping and falling, a tactical team member picked him up "aggressive[ly] but not with malice." Plaintiff did not believe the officer was trying to hurt him, more like he was frustrated. He did not sustain any

Page 4 of 6

injury.  (Doc. 79-1, p. 26 at 102:1-25).

- Plaintiff suffered "wear and tear" on his neck and back from sitting in a cold chapel in uncomfortable seats in an uncomfortable position for a significant period of time and sought medical treatment after the October 2014 shakedown for his neck and back pain from sitting in a cold chapel in uncomfortable seats in an uncomfortable position for a significant period of time.  (Doc. 79-1, pp. 13, 14, 15; p. 29 at 114:13-116:13; p. 30 at 117:23-118:15).

- Plaintiff found the yelling by the tactical team members to be harassing.  (Doc. 79-1, p. 31 at 123:6-11).

- The shakedowns at Menard made him feel scared, overwhelmed, emasculated, and hopeless.  (Doc. 79-1, p. 31 at 124:8-18).

This evidence, even when viewed in the light most favorable to Plaintiff, is insufficient to support a finding of unconstitutional or excessive force. "[N]ot every push or shove by a prison guard violates a prisoner's constitutional rights."  *Dewalt*, 224 F.3d at 620.

Simply put, Plaintiff's own characterization of the force used could not reasonably be found to be sadistic, malicious, or repugnant to the conscious.  And absent evidence establishing a constitutionally cognizable claim for excessive force, Plaintiff's failure to intervene claim fails as a matter of law.[2]  *Harper,* 400 F.3d at 1066.

Plaintiff states that he intends to call numerous witnesses at trial who will support his testimony regarding not only the subject shakedown, but also the general practice of shakedowns at Menard.  But the general practice of shakedowns conducted at Menard is not relevant to Plaintiff's claim and is not presently before the Court.  Moreover, summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."  *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007).  In other words, Plaintiff cannot avoid summary judgment based on evidence he

---

[2] Because the Court finds that the evidence does not support the claim against Defendant, it need not address the issue of qualified immunity

*intends* to present in trial, but not presently in the record.

## DISPOSITION

For the foregoing reasons, Defendant Butler's Motion for Summary Judgment (Doc. 78) is **GRANTED**.  As no claims remain, this case is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:   August 29, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**